860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul D. GIBBS, Plaintiff-Appellant,
v.
Lois STORRER; Sergent Williams, Defendants-Appellees
 No. 88-1265.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals the district court's summary judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gibbs sought injunctive and monetary relief for violations of his eighth amendment rights, claiming that defendants caused his surgical wound to become infected when they failed to provide his prescribed antibiotic, Keflex, for approximately five days.
 
 
 3
 The district court granted defendants summary judgment finding that they were not deliberately indifferent to Gibbs' medical needs. Gibbs argues the same issues on appeal, and that the matter warranted an evidentiary hearing.
 
 
 4
 Upon consideration, we conclude that plaintiff failed to present a genuine issue of material fact to warrant an evidentiary hearing, and that defendants were entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Gibbs failed to establish an eighth amendment violation by demonstrating that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976); McGhee v. Foltz, 852 F.2d 876 (6th Cir.1988).
 
 
 5
 Accordingly, we hereby affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.